UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

ADRIANO JOSEPH,                          :
                                         :
              Plaintiff,                 :          12CV9437(KBF)
                                         :
       - against -                       :          COMPLAINT AND
                                         :          DEMAND FOR JURY TRIAL
THE CITY OF NEW YORK, ANDREW             :
BARTON, DAVID J. VASQUEZ, BRUCE          :          ECF CASE
MEYER and TARA ECKERT,                   :
                                         :
              Defendants                 :
------------------------------------------------------------x

Plaintiff, by his attorney, Eugene M. Bellin, complaining of the defendants, alleges:

## NATURE OF THE ACTION

1. This is a civil rights action to redress the defendants' violation of the rights accorded to plaintiff Adriano Joseph by the Civil Rights Act of 1871, 42 U.S.C. §1983, by the Constitution of the United States, including the Fourth, Fifth and Fourteenth Amendments, and by the laws of the State of New York.

2. Plaintiff Adriano Joseph is a citizen of the United States who was lawfully present in front of 975 Union Avenue, Bronx, New York on September 4, 2010, when he was arrested by New York City police officers Andrew Barton, David J. Vasquez, Bruce Meyer and Tara Eckert on false criminal charges of Resisting Arrest and Disorderly Conduct after the plaintiff initiated a call to the Internal Affairs Bureau to complain about the police officers' conduct, transported to the 42nd Precinct, where he was imprisoned, and subsequently transported to Bronx Central Booking, where he continued to be imprisoned until his arraignment on September 5, 2010, and prosecuted on false charges of Resisting Arrest and Disorderly Conduct. On April 24, 2012, all charges against the

plaintiff were dismissed upon motion of an Assistant District Attorney. The defendants' actions were unlawful, and the plaintiff brings this action seeking compensatory and punitive damages.

## JURISDICTION AND VENUE

3.  Jurisdiction of this Court is invoked pursuant to the Constitution of the United States, 28 U.S.C. §§1331, 1343(3) and (4),  42 U.S.C. §§1983 and 1988, in that this is an action seeking to redress the violation of the plaintiff's constitutional and civil rights, and 28 U.S.C. §1367(a), in that the state and federal claims arise from a common nucleus of operative facts such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

4.  Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) in that the all of the events which give rise to the claim occurred within the jurisdiction of the United States District Court for the Southern District of New York, defendants Andrew Barton, David J. Vasquez, Bruce Meyer and Tara Eckert can be found within the Southern District of New York, and defendant The City of New York is a municipal corporation located in the Southern District of New York which is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

5.  Plaintiff Adriano Joseph is a citizen of the United States who resides in the County of Bronx, City and State of New York.

6. Defendant The City of New York is, and at all times relevant herein was, a municipal corporation created under the laws of the State of New York.

7.  At all times relevant herein, defendant The City of New York maintained a police department.

8.  Defendant Andrew Barton is a natural persons who, at all times relevant herein, was employed by defendant The City of New York as a police officers.

9.  At all times relevant herein, defendant Andrew Barton was acting within the scope of his employment by defendant The City of New York.

10.  Defendant David J. Vasquez is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

11.  At all times relevant herein, defendant David J. Vasquez was acting within the scope of his employment by defendant The City of New York.

12.  Defendant Bruce Meyer is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

13.  At all times relevant herein, defendant Bruce Meyer was acting within the scope of his employment by defendant The City of New York.

14.  Defendant Tara Eckert is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

15.  At all times relevant herein, defendant Tara Eckert was acting within the scope of her employment by defendant The City of New York.

## NOTICE OF CLAIM

16.  On May 3, 2012, and within ninety days of the accrual of his cause of action herein for malicious prosecution, plaintiff Adriano Joseph served on the Comptroller of the City of New York a Notice of Claim setting forth the time when, the place where and the manner in which his claim for malicious prosecution arose.

17.  More than thirty days have elapsed since the plaintiff's Notice of Claim was served upon defendant The City of New York and said defendant has neglected and/or refused to make an

adjustment or payment.

## STATEMENT OF CLAIMS

18. Plaintiff incorporates by reference paragraphs 1 through 17 of this complaint as though the same were set forth fully herein.

19. On September 4, 2010, plaintiff Adriano Joseph was lawfully present on the sidewalk in front of 975 Union Avenue, in the County of the Bronx, City and State of New York.

20. On September 4, 2010, on the sidewalk in front of 975 Union Avenue, in the County of Bronx, City and State of New York, defendant Andrew Barton grabbed plaintiff Adriano Joseph by the arm and asked the plaintiff, with expletive, where he was going.

21. When plaintiff Adriano Joseph responded to defendant Andrew Barton's inquiry, defendant Andrew Barton directed the plaintiff, with an expletive, to return.

22. When plaintiff Adriano Joseph complained about the language defendant Andrew Barton was using, defendant Andrew Barton again cursed at the plaintiff.

23. Plaintiff Adriano Joseph then attempted to place a telephone call to the New York City Police Department's Internal Affairs Bureau to complain about defendant Andrew Barton's conduct.

24. Defendant David J. Vasquez then removed plaintiff Adriano Joseph's cell phone from the plaintiff's hand and dropped the phone to the ground.

25. Defendant David J. Vasquez directed defendant Andrew Barton to arrest plaintiff Adriano Joseph.

26. Defendant Andrew Barton thereupon arrested plaintiff Adriano Joseph.

27. Defendant Andrew Barton handcuffed the plaintiff Adriano Joseph's wrists behind his back.

28.   Defendant Andrew Barton and the other individual defendants thereupon forcibly placed plaintiff Adriano Joseph into a police car.

29.   Plaintiff Adriano Joseph later learned that he was charged with the crime of Resisting Arrest and the offense of Disorderly Conduct.

30.   Plaintiff Adriano Joseph had not resisted a lawful arrest or engaged in disorderly conduct.

31.   The defendants did not have any warrant or other legal process directing or authorizing the seizure, arrest, detention, or imprisonment of plaintiff Adriano Joseph.

32.   The defendants transported plaintiff Adriano Joseph or caused plaintiff Adriano Joseph to be transported to the 42nd Precinct at 830 Washington Avenue, Bronx, New York.

33.   The defendants subsequently caused plaintiff Adriano Joseph to be transported to Bronx Central Booking, where he was imprisoned until September 5, 2010.

34.   On information and belief, on September 4 or September 5, 2010, defendant Andrew Barton falsely informed an Assistant District Attorney in the office of the Bronx County District Attorney that plaintiff Adriano Joseph had engaged in acts constituting disorderly conduct and had resisted a lawful arrest.

35.   On September 5, 2010, defendant Andrew Barton instituted a criminal proceeding against plaintiff Adriano Joseph in Bronx Supreme Court, Criminal Division, accusing the plaintiff of the crime of Resisting Arrest and the violation of Disorderly Conduct.

36.   On September 5, 2010, plaintiff Adriano Joseph was arraigned before a judge of Bronx Supreme Court, Criminal Division, and was released on his own recognizance.

37.   On April 24, 2012, the charges brought by defendant Andrew Barton against plaintiff Adriano Joseph were dismissed on motion of the Bronx County District Attorney.

## COUNT ONE
## FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

38.   Plaintiff incorporates by reference paragraphs 1 through 37 of this complaint as though the same were set forth fully herein.

39.   The seizure, detention, arrest, and imprisonment of plaintiff Adriano Joseph by defendants Andrew Barton, David J. Vasquez, Bruce Meyer and Tara Eckert were made without any warrant or other legal process directing or authorizing his seizure, detention, arrest, or imprisonment.

40.   The seizure, detention, arrest, and imprisonment of plaintiff Adriano Joseph were made without probable cause to believe that he had committed a crime or offense.

41.   The charges upon which defendants Andrew Barton, David J. Vasquez, Bruce Meyer and Tara Eckert arrested plaintiff Adriano Joseph were false.

42.   The charges were made by defendants Andrew Barton, David J. Vasquez, Bruce Meyer and Tara Eckert against plaintiff Adriano Joseph with knowledge that they were false.

43.   Plaintiff Adriano Joseph was aware of his seizure, detention, arrest and imprisonment by defendants Andrew Barton, David J. Vasquez, Bruce Meyer and Tara Eckert.

44.   Plaintiff Adriano Joseph did not consent to his seizure, detention, arrest or imprisonment.

45.   As a result of the foregoing, plaintiff Adriano Joseph was deprived of his liberty, was imprisoned, was greatly humiliated, was subjected to mental and physical distress, and was subjected to embarrassment and humiliation.

46.   The seizure, detention, arrest and imprisonment of plaintiff Adriano Joseph deprived him of his right to be free of unlawful searches and seizures and his right not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of

the Constitution of the United States.

47. Defendants Andrew Barton, David J. Vasquez, Bruce Meyer and Tara Eckert were acting under color of state law when they seized, detained, arrested and imprisoned plaintiff Adriano Joseph.

48. Defendants Andrew Barton, David J. Vasquez, Bruce Meyer and Tara Eckert deprived plaintiff Adriano Joseph of his rights to be free of unlawful searches and seizures, and not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, detaining, arresting and imprisoning plaintiff Adriano Joseph on false criminal charges.

## COUNT TWO
## MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983

49. Plaintiff incorporates by reference paragraphs 1 through 48 of this Complaint as though the same were set forth fully herein.

50. On information and belief, defendant Andrew Barton brought the charge against Adriano Joseph in Bronx Supreme Court, Criminal Division, on the command or at the behest of defendant David J. Vasquez.

51. The charges brought by defendant Andrew Barton against plaintiff Adriano Joseph in Bronx Supreme Court, Criminal Division, were false.

52. Defendant David J. Vasquez instructed or requested defendant Andrew Barton to institute a criminal proceeding against plaintiff Adriano Joseph without probable cause to believe that plaintiff Adriano Joseph had committed the offenses charged.

53. Defendant Andrew Barton instituted the criminal proceeding against plaintiff Adriano Joseph without probable cause to believe that the plaintiff committed the offenses charged.

54. Defendant David J. Vasquez instructed or requested defendant Andrew Barton to institute the criminal proceeding against plaintiff Adriano Joseph with knowledge that the charges were false.

55. Defendant Andrew Barton instituted the criminal proceeding against plaintiff Adriano Joseph with knowledge that the charges were false.

56. Defendant David J. Vasquez was acting with malice when he instructed or requested defendant Andrew Barton to institute a criminal proceeding against plaintiff Adriano Joseph.

57. Defendant Andrew Barton was acting with malice when he commenced the criminal proceeding against plaintiff Adriano Joseph.

58. The criminal proceeding instituted by defendant Andrew Barton against plaintiff Adriano Joseph was terminated in plaintiff Adriano Joseph's favor.

59. As a result of the criminal proceeding instituted by defendants Andrew Barton, David J. Vasquez and The City of New York, plaintiff Adriano Joseph was greatly humiliated, was subjected to mental and physical distress, was exposed to public ridicule, scorn, humiliation and embarrassment, and incurred legal fees to defend the false criminal charges.

60. Defendant David J. Vasquez was acting under color of state law when he instructed or requested defendant Andrew Barton to institute a criminal proceeding against plaintiff Adriano Joseph in Bronx Supreme Court, Criminal Division.

61. Defendant Andrew Barton was acting under color of state law when he falsely informed an Assistant District Attorney in the office of the Bronx County District Attorney that plaintiff Adriano Joseph had resisted arrested and had engaged in disorderly conduct.

62. Defendant Andrew Barton was acting under color of state law when he commenced a criminal proceeding against plaintiff Adriano Joseph in Bronx Supreme Court, Criminal Division.

63. Defendants Andrew Barton and David J. Vasquez deprived plaintiff Adriano Joseph of his rights to be secure in his person and not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by commencing a criminal proceeding against plaintiff Adriano Joseph on false charges.

## COUNT THREE
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

64. Plaintiff incorporates by reference paragraphs 1 through 63 of this Complaint as though the same were set forth fully herein.

65. The acts complained of were carried out by the individual defendants in their capacities as police officers and employees of defendant The City of New York, with all the actual and/or apparent authority attendant thereto.

66. The acts complained of were carried out by the individual defendants in their capacities as police officers pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

67. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of arresting persons on insufficient evidence in violation of the Fourth and Fifth Amendment and the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

68. The aforesaid customs, policies, usages, practices, procedures, and rules of defendant

The City of New York include, but are not limited to, the following:

(a) Defendant The City of New York failed properly to train police officers in the standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States;

(b) Defendant The City of New York failed properly to train police officers in the circumstances under which probable cause exists for the warrantless arrest of an individual for the Resisting Arrest and Disorderly Conduct;

(c) Defendant The City of New York failed properly to supervise police officers during the performance of their duties, and more particularly during warrantless arrests for Resisting Arrest and Disorderly Conduct;

(d) Defendant The City of New York failed properly to monitor arrests made by its police officers to determine if its police officers were following proper standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth and Fourteenth Amendments of the Constitution of the United States;

(e) Defendant The City of New York failed to discipline police officers for making warrantless arrests where probable cause for an arrest did not exist.

69. The failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

70. The arrest, imprisonment and prosecution of plaintiff Adriano Joseph on false charges resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards of probable cause and the requirements for warrantless arrests.

71. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless arrests without probable cause.

72. Defendant The City of New York deprived plaintiff Adriano Joseph of his rights to

be free of unlawful searches and seizures, to be secure in his person, and not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing properly to train its police officers in the standards of probable cause for warrantless arrests.

73. The aforesaid conduct of defendant The City of New York violated plaintiff Adriano Joseph's rights under 42 U.S.C. §1983 and the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

### COUNT FOUR
### MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

74. Plaintiff incorporates by reference paragraphs 1 through 73 of this Complaint as though the same were set forth fully herein.

75. Upon information and belief, at all times relevant herein, defendant The City of New York was aware from Notices of Claim, lawsuits, claims filed with the New York City Police Department and the Civilian Complaint Review Board, and from the New York City Police Department's own observations, that defendants Andrew Barton, David J. Vasquez, Bruce Meyer and Tara Eckert are unfit, ill tempered police officers who have the propensity to commit the acts alleged herein.

76. Upon information and belief, defendant The City of New York failed adequately to investigate prior complaints against these officers.

77. Upon information and belief, defendant The City of New York failed to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights.

78.   The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

79.   Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Adriano Joseph would be violated.

80.   Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff Adriano Joseph.

81.   Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

82.   Defendant The City of New York deprived plaintiff Adriano Joseph of his rights to be free of unlawful searches and seizures and not bo be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

## COUNT FIVE
## COMMON LAW MALICIOUS PROSECUTION

83.   Plaintiff incorporates by reference paragraphs 1 through 82 of this Complaint as though the same were set forth fully herein.

84.    Defendants Andrew Barton, David J. Vasquez and The City of New York maliciously prosecuted plaintiff Adriano Joseph on false charges of Resisting Arrest and Disorderly Conduct.

85.    As a result of the criminal proceeding instituted by defendants Andrew Barton, David J. Vasquez and The City of New York, plaintiff Adriano Joseph was greatly humiliated, was subjected to mental and physical distress, was exposed to public ridicule, scorn, humiliation and embarrassment, and incurred legal fees to defend the false criminal charges.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court grant the following relief:

A.  Award the plaintiff compensatory damages to be determined by the jury at the time of trial;

B.  Award the plaintiff punitive damages to be determined by the jury at the time of trial;

C.  Award the plaintiff reasonable attorney's fees and costs, including the fees and costs of experts, incurred in prosecuting this action; and

D.  Grant such further relief as the Court deems necessary and proper.

## JURY TRIAL DEMANDED

The plaintiff requests a jury trial on all questions of fact raised by his Complaint.

Dated: New York, New York
        December 28, 2012

EUGENE M. BELLIN

Eugene M. Bellin (EB-0722)
Attorney for Plaintiffs
233 Broadway - Suite 2201
New York, New York 10279
(212) 267-9100